IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE RAY WILLIAMS                                                                                           PLAINTIFF

v.                                          Civil No. 1:24-cv-01063

ASHLEY COUNTY SHERIFF
DEPARTMENT                                                                                                    DEFENDANT

## REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is a Plaintiff's failure to comply with orders of the Court.

Plaintiff filed this action *pro se* on September 16, 2024. ECF No. 2. His application to proceed *in forma pauperis* ("IFP") was granted on September 18, 2024, with the matter of service to be determined at a later date. ECF No. 7.

On September 20, 2024, the Court entered an order directing Plaintiff to file an Amended Complaint within twenty-one (21) days. ECF No. 8. This was because after review of the Complaint, it was determined the Plaintiff had not clearly stated how each named Defendant had violated his federal constitutional rights, and some of his claims may have been frivolous. Plaintiff was ordered to write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant. *Id*. Further, Plaintiff was informed that the Ashely County Sheriff

1

Department was not a person or a legal entity subject to § 1983 liability and Plaintiff was Ordered to name an entity or individual subject to suit under § 1983. *Id*

On October 22, 2024, Plaintiff filed an Amended Complaint.[1] ECF No. 9.  A review of the Amended Complaint shows it is nearly identical to the original Complaint.  Notably, Plaintiff failed to identify any person responsible for the alleged violation of her civil rights.  Although ordered to do so, Plaintiff failed to allege any specific constitutional right violated; exactly what any person did or failed to do to violate her rights; how the action or inaction of any such person was connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the alleged misconduct of any such person.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order".  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with the Court's order, and therefore, pursuant to Federal Rule of Civil Procedure 41(b), I recommend Plaintiff's Complaint (ECF No. 2) be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

---

[1] The Court would note this filing was eleven (11) days late from the date ordered.  Despite the lateness of the filing, the Court has considered the Amended Complaint as if it were timely filed.

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 25th day of October 2024.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE